UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TOMMY LEE NORWOOD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos: 3:04-cr-141 |
| | ) | 3:07-cv-440 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/GUYTON) |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Tommy Lee Norwood ("petitioner"). For the following reasons, petitioner's motion to supplement and stay the § 2255 motion will be **DENIED**, the § 2255 motion to vacate will be **DENIED**, and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to the mandatory minimum term of imprisonment of 180 months. Petitioner's convictions and sentence were affirmed on direct appeal. *United States v. Norwood*, No. 05-6681 (6th Cir. Oct. 24, 2006) (unpublished decision) [Criminal Action No. 3:04-cr-141, Doc. 51]. In support of his § 2255 motion petitioner alleges he received ineffective assistance of counsel.

III.    Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner's allegations of ineffective assistance of counsel are related to his being sentenced as an armed career criminal. The Armed Career Criminal Act (ACCA) provides a mandatory minimum sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is "any crime punishable by imprisonment for a term exceeding one year,"

that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Petitioner was found to be an armed career criminal based upon one prior conviction for robbery and at least two prior convictions for burglary of a business; at sentencing he admitted to the robbery conviction and two convictions for burglary of a business. [Doc. 50, Transcript of the Sentencing Hearing, pp. 4-5]. The Agreed Factual Basis in support of petitioner's guilty plea also referenced two convictions for burglary of a business and one robbery conviction. [Doc. 35, Agreed Factual Basis, pp. 2-3]. Petitioner's Presentence Report specifically referred to the following convictions as predicate offenses for armed career criminal status:

> (1) Burglary of Business House, sentence of three years imposed September 28, 1979, Hamilton County Criminal Court, docket numbers 138857 [sic], 139958. Petitioner was originally charged with burglary and larceny, based upon an indictment that stated he and a co-defendant entered Howard High School on February 9, 1979, with intent to commit larceny, and stole clothing and money.
>
> (2) Burglary of Business House, sentence of three years imposed September 28, 1979, Hamilton County Criminal Court, docket number 139956. According to the indictment, petitioner entered Howard High School on February 23, 1978 [sic], with intent to commit larceny, and stole tennis shoes.
>
> (3) Burglary Third Degree, sentence of three years imposed May 30, 1989, Hamilton County Criminal Court, docket number 176429. According to the indictment, petitioner broke into Ridgedale Pawn Shop on March 8, 1989, with intent to commit larceny.

(4) Robbery, sentence of eleven years imposed February 24, 1995, Hamilton County Criminal Court, docket number 199845. Petitioner was found guilty by a jury of robbing Buddy R. Gentry on October 15, 1993, by punching Mr. Gentry in the face and taking his wallet.

[Presentence Report, ¶¶ 44, 45, 56, & 66, respectively].

Petitioner alleges his attorney failed to properly investigate the circumstances of his prior burglary convictions and thus failed to object to the use of the burglaries as predicate offenses. Petitioner argues his burglary convictions were not violent felonies under Tennessee law for purposes of armed career criminal status because the burglary statute at the time of the offenses did not refer to unlawful entry and included places other than a building; petitioner also argues that the 1979 burglaries were part of a common scheme and should not have been treated as separate offenses. Petitioner also alleges his attorney failed to object to the Presentence Report and the Court's reliance on the Presentence Report with respect to the determination that the burglary convictions were predicate offenses under the ACCA. Petitioner further alleges that his attorney failed to argue on appeal that petitioner's sentence was unreasonable.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court considered what Congress meant by including burglary in the definition of a violent crime for purposes of § 924(e) and concluded "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States." *Id*. at 598. According to the Court, "the generic, contemporary meaning of burglary contains at least the following elements: an

unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.*

The Supreme Court further held "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. For that reason, with respect to a conviction from those States whose burglary statute comports with the generic definition of "burglary," the sentencing court must look only to the conviction itself; with respect to a conviction from those States that have adopted a broader definition of burglary, the sentencing court should look to the "charging paper and jury instructions" to determine if the defendant was convicted of generic burglary. *Id.* at 600-602, 602.

In *United States v. Caruthers*, 458 F.3d 459 (6th Cir. 2006), the Sixth Circuit considered "whether Tennessee's pre-November-1989 burglary statute is generic." *Id.* at 475. The court concluded that the statute is generic with respect to unlawful entry. *Id.* ("[T]he pre-November-1989 burglary statute is generic along the unlawful-entry dimension."). The court concluded that the statute is non-generic with respect to a building. *Id.* at 475-76 ("The Tennessee burglary statute was indeed nongeneric along the 'building or structure' dimension, as it permitted third-degree burglary convictions for unlawful entry into coin receptacles and the like.") (citation omitted). For that reason, the court considered whether Caruthers "'actually committed a generic burglary,'" and concluded that he did. *Id.* at 476 (quoting *Taylor*, 495 U.S. at 600).

6

Petitioner's argument that his burglary convictions should not have been counted as predicate offenses because the burglary statute at the time of the offenses did not refer to unlawful entry thus fails under *Caruthers*. Petitioner's argument that the burglary statute included places other than a building also fails with respect to his convictions. Petitioner was convicted of breaking into Howard High School on two occasions and Ridgedale Pawn Shop on another occasion, "which means that he was actually convicted of burglarizing buildings, even though the statute permitted convictions for burglary of non-buildings." *Id*.

Petitioner also argues that he did not have the requisite number of predicate offenses because the 1979 burglaries were related. In order to determine whether a defendant is an armed career criminal, the predicate offenses must be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Petitioner's first burglary of Howard High School occurred on February 9, 1979; the second burglary of Howard High School occurred on February 23, 1979. These were clearly separate offenses for the ACCA under Sixth Circuit precedent.

> In *Hill*, we held that two offenses are committed on different occasions under the Act if: (1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "the offenses are committed in different residences or business locations." Since *Hill*, we have continued to follow this analysis to determine whether prior offenses qualify for Armed Career Criminal status, and it is consistent with the approach taken by the other circuits.

*United States v. Paige,* ___ F.3d ___, 2011 WL 921643 at *1 (6th Cir. March 15, 2011) (quoting *United States v. Hill*, 440 F.3d 292 295 (6th Cir. 2006)).

In any event, petitioner also had third prior conviction for burglary which occurred in 1989. Accordingly, even if petitioner's 1979 convictions for burglary of a building counted as only one sentence, he still had the requisite three predicate offenses to be considered an armed career criminal.

Because petitioner's burglary convictions were predicate offenses for purposes of the ACCA, his attorney did not render ineffective assistance of counsel by failing to object to the use of the convictions. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also argues that his attorney failed to object to the Presentence Report and the Court's reliance on the Presentence Report with respect to the determination that the burglary convictions were predicate offenses under the ACCA. According to petitioner, there was no showing as to which court documents the Presentence Report relied on. In support of this argument, petitioner refers to *Shepard v. United States*, 544 U.S. 13 (2005), in which the Supreme Court held that a sentencing court cannot look to police reports in determining whether a defendant committed a "generic burglary." *Id*. at 21-27.

As noted previously, the Presentence Report recited petitioner's prior burglary convictions and specifically referred to the language contained in the indictments underlying each conviction. [Presentence Report, ¶¶ 44, 45, & 56, respectively]. An indictment is clearly a document upon which a sentencing court can rely. *See Taylor v. United States*, 495 U.S. at 602 (in the case of a nongeneric burglary statute, the sentencing court should look to

the "charging paper" to determine if the defendant was convicted of generic burglary); *see also Shepard v. United States*, 544 U.S. at 26 (sentencing court can look to "the charging document" to determine whether the defendant pleaded guilty to a generic burglary). In addition, a sentencing court can rely on factual findings set forth in a Presentence Report when the facts are not in dispute. *See United States v. Lang*, 333 F.3d 678, 681-82 (6th Cir. 2003).

In his objection to the Presentence Report, counsel challenged petitioner's status as an armed career criminal for the reason that petitioner's burglary convictions were not set forth in the indictment; counsel did not deny the fact of the convictions. [Doc. 39, Objection to Pretrial Services Investigation Report, pp. 1-2]. Petitioner also unsuccessfully raised this issue on appeal. *United States v. Norwood*, No. 05-6681 (6th Cir. Oct. 24, 2006) (unpublished decision) [Doc. 51]. The Sixth Circuit specifically noted that:

> [Petitioner] does not dispute that the two burglary-of-a-business convictions used to support a sentence under the ACCA are his, that the convictions are violent felonies as defined in § 924(e)(2), or that the offenses occurred on different occasions. [Petitioner] appears to challenge only the government's failure to include in the indictment the supporting prior convictions. However, the ACCA does not require notice of prior convictions in pursuit of enhancement.

*Id.*, slip op. at 3.

Petitioner does not deny that he was guilty of the burglary convictions; he merely argues that his attorney should have put the government to its burden of proof. There was no reason, however, for petitioner's attorney to request this Court to physically examine the indictments when the facts were not in dispute and counsel was not ineffective in that regard.

9

Finally, petitioner argues that his attorney failed to argue on appeal that his sentence was unreasonable. Because petitioner received the minimum sentence mandated by statute, it would have been pointless for counsel to have argued on appeal that the sentence was unreasonable and counsel's failure to do so did not constitute ineffective assistance of counsel. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the *Strickland* standard.

In his motion to supplement and stay the § 2255 petition, petitioner asks the court to hold in abeyance consideration of the § 2255 motion until the Supreme Court rules in the case of *United States v. Rodriquez*. Since petitioner filed that motion, the Supreme Court has issued its opinion in *Rodriquez*. *United States v. Rodriquez*, 553 U.S. 377 (2008). In *Rodriquez*, the Supreme Court addressed the question of whether a statutory recidivism enhancement should be accounted for in determining, under the Armed Career Criminal Act, the "maximum term of imprisonment ... prescribed by law" for a prior offense of conviction. *Id*. at 380-82. The Court held that it could. *Id*. at 393. *Rodriquez* is not applicable to petitioner's case. For that reason, his motion to supplement and stay the § 2255 petition is **DENIED**.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE